

**SIGNED this 02 day of February, 2011.**

```
                                            _____
                                                    JAMES P. SMITH
                                            UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| HENRY ALTON TUCKER | : | |
| | : | |
| Debtor | : | Case No. 10-50322 JPS |
| | : | |
| WALTER W. KELLEY, Trustee, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| HENRY ALTON TUCKER and | : | |
| GRADY BOWEN, JR., | : | |
| | : | |
| Defendants | : | Adversary Proceeding |
| | : | No. 10-5109 |

BEFORE

JAMES P. SMITH
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

Plaintiff:          Thomas D. Lovett
                    P.O. Box 1164
                    2912-B North Oak Street
                    Valdosta, GA 31603-1164

Defendants:         Pro Se

## MEMORANDUM OPINION ON
## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Walter W. Kelley, Chapter 7 Trustee, filed this adversary proceeding seeking to sell certain real property located in Park County, Wyoming in which the Debtor and Grady Bowen, Jr. ("Bowen") each had a one-half interest. Trustee filed a motion for summary judgment contending that there were no genuine issues of material fact remaining to be tried and that the Court should authorize the sale as a matter of law. Bowen filed a response to the motion in which he merely requested that sales commissions and sales costs be evenly split and that the property not be sold at a "fire sale".[1]

Having reviewed the record in this case, the Court hereby adopts Trustee's Statement of Uncontested Facts (Doc. No. 14) and finds that there are no genuine issues of material fact remaining to be tried. The Court finds that Trustee has proven all elements required under 11 U.S.C. §§ 363(h)(1)-(4). Accordingly, Trustee is entitled to judgment as a matter of law.[2] An order consistent with this opinion shall be entered.

---

[1] Debtor did not file an answer to Trustee's complaint and thus default judgment was previously entered against Debtor.

[2] Any objections by Bowen regarding the expenses of sale and the sales price may be raised at such time as Trustee files his motion to sell under 11 U.S.C. § 363.